# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-4051

———————

The Federal Labor Relations Authority,   *
                                   *

          Petitioner,           *

                                   *

        v.                  *   On Application for Enforcement

                                   *   of an Order of the Federal Labor

United States Department of Justice,   *   Relations Authority.

Federal Bureau of Prisons, Federal    *

Correctional Institution, Forrest City,  *

Arkansas,                    *

                                   *

          Respondent.       *

———————

Submitted: November 17, 2004
Filed: January 21, 2005

———————

Before RILEY, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

———————

RILEY, Circuit Judge.

The Federal Labor Relations Authority (Authority or FLRA[1]) has petitioned this court for enforcement of the Authority's order against the United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution,

---

[1]Because the Federal Labor Relations Authority has both adjudicative and enforcement duties, the court will refer to the adjudicative side of the Federal Labor Relations Authority as the Authority, and the party seeking enforcement as the FLRA.

Forrest City, Arkansas (Bureau), to produce a limited use Special Investigative Supervisor Manual (SIS Manual) and turn it over to the American Federation of Government Employees, AFL-CIO, Local 922 (AFGE), to remedy unfair labor practices committed by the Bureau. Concluding the Authority's order is arbitrarily overbroad, constituting an abuse of discretion, we set aside the part of the Authority's order requiring the Bureau to furnish the entire SIS Manual and remand to the Authority to amend and limit its order. Because the remaining portions of the Authority's order are uncontested, we enforce the portions of the Authority's order not implicating the SIS Manual.

## I.    BACKGROUND

When the Bureau disciplined an employee represented by AFGE with a one-day suspension, AFGE requested information on the Bureau's disciplinary procedures, including the SIS Manual. The SIS Manual "is a policy document that contains guidance on the conduct of investigations, including investigations into potential disciplinary actions." United States Dep't of Justice, Fed. Bureau of Prisons, Fed. Corr. Inst., Forrest City, Ark. (Forrest City), 57 F.L.R.A. 808, 809 n.3 (2002). Because the SIS Manual is a limited use document, AFGE did not have access to it; thus, AFGE was unable to request specific portions of the SIS Manual. Id. at 827. AFGE explained it needed the SIS Manual, as well as other investigatory documents, to determine whether the Bureau properly conducted the employee investigation, and whether AFGE should file a grievance. Id. Claiming AFGE had not shown a particularized need for the information and the request was "for an interpretation of policy and procedure and not a request for data," the Bureau refused to provide AFGE any portions of the SIS Manual. Id. at 809-10.

AFGE filed an unfair labor practice charge with the Authority, alleging the Bureau violated sections 7116(a)(1), (5) and (8) of the Federal Service Labor-Management Relations Statute (Statute), 5 U.S.C. §§ 7101-7135. The FLRA issued an unfair labor practice complaint against the Bureau. An Authority administrative

law judge (ALJ) conducted an unfair labor practice hearing, during which witnesses for the Bureau testified only Chapter 9 of the SIS Manual dealt with staff misconduct and employee investigations. Another Bureau employee testified that releasing the SIS Manual "could reasonably be expected to compromise the security of Bureau of Prisons operations and its correctional institutions." After conducting an *in camera* review of the SIS Manual, the ALJ concluded the Bureau "had an obligation to at least inform [AFGE] of limited use of the SIS Manual and to supply it with the Chapter or Chapters dealing with staff misconduct and employee investigations." Forrest City, 57 F.L.R.A. at 827 n.4. In his decision, the ALJ found the Bureau had committed unfair labor practices under the Statute, and ordered the Bureau to furnish AFGE with "the SIS Manual." Id. at 832.

The Bureau filed exceptions to the ALJ's decision and order with the Authority. Exercising its authority under the Statute, the Authority "unanimously adopt[ed] the [ALJ]'s findings and conclusions that [the Bureau] violated § 7116(a)(1), (5), and (8) of the Statute by failing to provide, as requested, the SIS manual." Id. at 808. Based on its security concerns about the full release of the SIS Manual, the Bureau argued the Authority should, at a minimum, modify the ALJ's order and require the Bureau to release only the portions of the SIS Manual relevant to AFGE's information request. In response to the Bureau's argument, the Authority concluded the ALJ's "recommended order is sufficiently specific to put [the Bureau] on notice as to what is required, and any disputes as to particular information covered by the order in this regard should be resolved in compliance proceedings." Id. at 817. The Authority ordered the Bureau to furnish AFGE with "the SIS Manual." Id.

The Bureau filed a petition for review of the Authority's order in the D.C. Circuit Court of Appeals, and the FLRA filed a cross-petition for enforcement. The Bureau and the FLRA later stipulated to the dismissal of the case without prejudice, granting the FLRA the right "to institute another enforcement action in the event that

such action is, in the [FLRA]'s opinion, warranted to effect the purposes and policies of the [Statute]." The D.C. Circuit dismissed the case.

After the FLRA's regional office asked the Bureau to comply with the Authority's order, the Bureau provided Chapter 9 of the SIS Manual. Upon further prompting, the Bureau wrote the FLRA a letter informing the FLRA of the information the Bureau had disclosed to AFGE:

> [The Bureau] provided [AFGE] with all sections of the SIS manual that dealt with investigations of alleged employee misconduct. Specifically, [the Bureau] has provided [AFGE] with Chapter 9 of the SIS manual entitled "Employee Misconduct Investigations," all sections referenced in Chapter 9, and the SIS manual Table of Contents. The remaining portions of the SIS manual do not address [AFGE]'s articulated need. . . . The remaining portions of the SIS manual cannot be released because to do so could impermissibly interfere with the internal security of the agency, among other things.

AFGE has received "Chapter 9 of the SIS Manual, a portion of one page from Chapter 1 of the Manual, portions of four pages from Chapter 8 of the Manual, one full page and portions of two other pages from Chapter 14 of the Manual, the Manual Table of Contents, . . . the Program Statement for the Manual[, and] . . . the rest of the 17-chapter SIS Manual . . . in a redacted fashion." AFGE's Letter to the Court Dated April 27, 2004.

Seeking the entire SIS Manual, the FLRA filed an application for enforcement of the Authority's order in this circuit. Although the venue has changed, neither party has changed its tactics in this drawn-out legal battle–the FLRA and AFGE, as intervenor, still seek the release of the entire SIS Manual. The Bureau opposes the release of the entire SIS Manual, contending it has released all that is required.

**II. DISCUSSION**

**A. Jurisdiction**

The FLRA contends we have no jurisdiction to consider the Bureau's arguments regarding the scope of the Authority's order. Therefore, we first ask whether we have jurisdiction to review the merits of the Authority's order, or whether we must blindly enforce the Authority's order. We conclude we have jurisdiction to review the merits of the order.

Congress granted circuit courts the power to review orders issued by the Authority. See 5 U.S.C. § 7123. Section 7123(a) of the Statute authorizes petitions for review by parties such as the Bureau: "Any person aggrieved by any final order of the Authority [other than certain orders] may, during the 60-day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia." 5 U.S.C. § 7123(a). The FLRA also has the right to petition for enforcement of its orders: "The [FLRA] may petition any appropriate United States court of appeals for the enforcement of any order of the Authority and for appropriate temporary relief or restraining order." 5 U.S.C. § 7123(b). It is readily apparent the 60-day limitation contained in section 7123(a) is not present in section 7123(b).

While sections 7123(a) and (b) discuss who can file petitions for review, section 7123(c) controls the scope of a circuit court's jurisdiction:

> Upon the filing of a petition under subsection (a) of this section for judicial review or under subsection (b) of this section for enforcement, the Authority shall file in the court the record in the proceedings. . . . Upon the filing of the petition, **the court shall . . . have jurisdiction of the proceeding and of the question determined therein** and may grant any temporary relief (including a temporary

restraining order) it considers just and proper, and may make and enter a decree affirming and enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Authority.

5 U.S.C. § 7123(c) (emphasis added).

The FLRA argues that, because the Bureau failed to petition for review of the Authority's order in this circuit within sixty days of the order's issuance, the Bureau "is precluded from obtaining that review indirectly as a defense to a subsequent enforcement action instituted to assure [the Bureau]'s compliance with the Authority's order." The FLRA contends the 60-day limitation contained in section 7123(a) is jurisdictional and precludes this court from considering the Bureau's arguments or the merits of the Authority's order. Joining the D.C. Circuit Court of Appeals, we reject the FLRA's jurisdictional argument.

Nothing in section 7123(c) limits our jurisdiction or scope of review based on the identity of the party who filed the petition. And we have no authority to amend section 7123(c) to add a 60-day limitation to our jurisdiction. As the D.C. Circuit recognized, "whether a party comes before us under § 7123(a) or (b), we have jurisdiction to review the 'question determined' in the [Authority's] order and to issue whatever remedy our review determines appropriate, including the 'setting aside' of the [Authority's] order." FLRA v. United States Dep't of Commerce, 962 F.2d 1055, 1058 (D.C. Cir. 1992). We wholeheartedly agree with the D.C. Circuit's interpretation of section 7123.

The FLRA argues to this circuit, as it did to the D.C. Circuit, that allowing indirect review of the Authority's order in this enforcement action would defeat Congress's intent to limit review of the Bureau's arguments to sixty days from the issuance of the Authority's order. We adopt the D.C. Circuit's response to this contention: "This argument ignores the distinction between a court's role in reading statutes and Congress' role in writing them. . . . If the FLRA has concerns about the

breadth of our jurisdiction under the [Statute], then it should express them to Congress." Id. Having jurisdiction to consider the merits of the Authority's order in this enforcement action, we now address the scope of the Authority's order as it relates to the SIS Manual.

### B.    Enforcement of the Authority's Order
#### 1.    Standard of Review

Congress granted the Authority broad powers to address and remedy unfair labor practices under the Statute. See, e.g., 5 U.S.C. §§ 7105(g)(3) (authorizing the Authority to issue "cease and desist" orders and "to take any remedial action it considers appropriate to carry out the policies of [the Statute]"), 7118(a)(7)(D) (granting the Authority broad remedial powers). Because of the broad powers delegated to the Authority to remedy unfair labor practices, we review the Authority's order to determine, among other things, whether the order is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7123(c) (incorporating standard of review from 5 U.S.C. § 706(2)(A)). We have the authority to affirm and enforce the order; modify and enforce the modified order; or set aside, in whole or in part, the order. Id.

In reviewing the Authority's order, we realize our review is limited, and we have no intent to "substitute [our] judgment for that of the [Authority] in determining how best to undo the effects of unfair labor practices." See Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898-99 (1984). We recognize that, "[b]ecause the relation of remedy to policy is peculiarly a matter for administrative competence, courts must not enter the allowable area of the [Authority]'s discretion and must guard against the danger of sliding unconsciously from the narrow confines of law into the more spacious domain of policy." Id. at 899 (quoting Phelps Dodge Corp. v. NLRB, 313 U.S. 177, 194 (1941)). However, the deference we give to the Authority's "choice of remedy does not constitute a blank check for arbitrary action." See Detroit Edison Co. v. NLRB, 440 U.S. 301, 316 (1979). When reviewing the Authority's application for

enforcement of its orders, we do not simply play the role of a passive conduit.  See id.  In this case, if the Authority indeed meant to order the Bureau to furnish AFGE with the entire SIS Manual, then the scope of the Authority's order is manifestly overbroad.

## 2.     Scope of the Authority's Order

It is undisputed the Bureau violated the Statute and committed unfair labor practices.  This case is concerned only with the scope of the Authority's order remedying the unfair labor practices. Specifically, we ask whether the Authority's order, which apparently requires the Bureau to turn over the entire SIS Manual to AFGE, was arbitrary, capricious or an abuse of discretion.  In essence, we ask whether the Authority had the authority to issue such a broad order.

We conclude the Authority abused its discretion in issuing such a broad remedial order.  The Bureau committed an unfair labor practice by not furnishing AFGE with information about the Bureau's policies on employee investigations. Clearly the Bureau was required to furnish AFGE with those portions of the SIS Manual that could assist AFGE in representing the disciplined employee.  However, the Bureau is not required to furnish AFGE with information bearing no relationship to AFGE's representational duties.  Forcing the Bureau to produce the entire, limited use, highly sensitive SIS Manual without explaining why such expansive production is an appropriate remedy is arbitrary, and the Authority abused its discretion in issuing such a broad order.

Notwithstanding our conclusion that the Authority arbitrarily issued such a broad order, and, in doing so, abused its broad discretion, we suspect the Authority did not really intend to abuse its discretion and force the Bureau to furnish AFGE with the entire SIS Manual. We glean this intent from language used by both the ALJ and the Authority in rendering their decisions.  Although the ALJ and the Authority ordered the Bureau to furnish AFGE with "the SIS Manual," each used language

indicating their orders were not so broad. After conducting an *in camera* review of the SIS Manual, the ALJ specifically noted the Bureau "had an obligation . . . to supply [AFGE] with the Chapter or Chapters dealing with staff misconduct and employee investigations." Thus, the ALJ apparently, and quite correctly, intended to limit the scope of the Bureau's disclosure. The Authority also indicated some limitation on the scope of its order. Addressing the Bureau's argument that the ALJ's order requiring the Bureau to furnish the entire SIS Manual was too broad, the Authority held the ALJ's "recommended order is sufficiently specific to put [the Bureau] on notice as to what is required, and any disputes as to particular information covered by the order in this regard should be resolved in compliance proceedings." If the Bureau were required to furnish AFGE with the entire SIS Manual, we doubt either the ALJ or the Authority would have used such equivocal language.

Regardless of whether the Authority intended to limit the scope of its remedial order as it related to the SIS Manual, the order itself clearly requires the Bureau to furnish AFGE with the entire SIS Manual, even if portions of the SIS Manual are irrelevant to AFGE's needs. Because such a broad, unguided order is arbitrary and an abuse of discretion, we set aside the Authority's order as it relates to requiring disclosure of the entire SIS Manual.

We would prefer to use our authority to modify or interpret the Authority's order in a way that would end this seemingly senseless litigation. Indeed, the Bureau contends we can interpret the Authority's order to do just that. The Bureau argues the Authority's order that the Bureau furnish AFGE with the SIS Manual "is most reasonably interpreted as requiring [the Bureau] to provide [AFGE] with all sections of the manual that deal with employee investigations. [The Bureau] has done this. Accordingly, it has fully complied with the Authority's order and the Court should deny the [FLRA]'s petition for enforcement." Unfortunately, we do not have sufficient evidence before us to determine what portions of the SIS Manual are relevant to AFGE's representational duties or whether the Bureau has complied with the Authority's order. We also emphasize the Bureau committed the unfair labor

practices that started this litigation. The Authority has the near-absolute power to remedy those unfair labor practices by ordering the Bureau to furnish AFGE with the relevant portions of the SIS Manual. We believe the Authority should have an opportunity to issue an amended order clarifying what portions of the SIS Manual must be released.

Therefore, we set aside the Authority's order, in part, and remand the case to the Authority to issue an amended order that specifically addresses the portions of the SIS Manual the Bureau is required to furnish AFGE. We suggest the amended order specifically list the relevant pages, or portions of pages, of the SIS Manual that remedy the unfair labor practices and order the Bureau to furnish only those limited, and precise, portions of the SIS Manual. By using exacting language as to what portions of the SIS Manual the Bureau must turn over to AFGE, the Authority will, hopefully, finally end this dispute over a one-day suspension without further appellate review.

## III.   CONCLUSION

For the preceding reasons, we grant, in part, the FLRA's application for enforcement of the Authority's order. Because the Authority's order is too broad as it relates to the SIS Manual, we set aside the Authority's order that the Bureau furnish AFGE with the entire SIS Manual, and remand to the Authority to resolve conclusively–and in no uncertain terms–the scope of the order concerning the SIS Manual, identifying the specifically relevant portions to be produced.[2]

_____

―――――――――――――――

[2]Although a casual observer could complain about the follies of the federal government in spending countless hours and dollars engaged in this protracted litigation emanating from a one-day suspension of a federal employee, perhaps a quote from President Harry S. Truman might lessen the blow of this inefficiency: "Wherever you have an efficient government you have a dictatorship." Robert I. Fitzhenry, The Harper Book of Quotations 184 (3d ed. 1993). This case reveals our Nation certainly does not bow to a dictatorship, but, alas, remains a Republic guided by the Rule of Law, no matter how inefficiently it may operate.